UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: C12-000683 SJO          DATE: July 11, 2012

TITLE: Scannell v. Washington State Bar Association, et al.

================================================================

PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                       Not Present
Courtroom Clerk                        Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**      **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                            Not Present

================================================================

**PROCEEDINGS (in chambers): ORDER GRANTING DEFENDANT CARPENTER'S MOTION TO STAY DEADLINES** [Docket No. 6]

This matter is before the Court on Defendant Ronald Carpenter's Motion to Stay Deadlines ("Motion"), filed on June 7, 2012, which was joined by Defendant Washington State Bar Association ("WSBA") on June 14, 2012. Plaintiff John R. Scannell ("Plaintiff") filed an Objection to the Motion ("Objection") on June 14, 2012. The Court finds this matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, Carpenter's Motion is **GRANTED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a Complaint in the Western District of Washington on April 23, 2012. (*See generally* Compl., Apr. 23, 2012, ECF No. 1.) The Complaint names 81 defendants, including current and former Justices and other members of the Washington Supreme Court and current and past members of the Board of Governors and other officers of the WSBA. According to the evidence before the Court, Plaintiff has only successfully served two of the Defendants: Carpenter and the WSBA. (Resp. of WSBA to Mot. 1, June 14, 2012, ECF No. 13.)

The case was initially assigned to Judge Marsha Pechman of the Western District of Washington. Judge Pechman issued a scheduling order on May 30, 2012 that set the following deadlines:

(1)  Deadline for Federal Rule of Civil Procedure ("FRCP") 26(f) Conference: June 27, 2012;
(2)  Initial Disclosures Pursuant to FRCP 26(a)(1): July 5, 2012;
(3)  Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16 : July 11, 2012.

: 00
Initials of Preparer  CCH

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>C12-000683 SJO</u>　　　　　　　DATE: <u>July 11, 2012</u>

(May 30, 2012 Order 1, ECF No. 4.) On June 7, 2012, Defendant Carpenter filed the instant Motion. The Motion requests a stay of the Court's deadlines until the rest of the Defendants are served or agree to waive service. (Mot. 2, June 7, 2012, ECF No. 6.)

On June 8, 2012, Plaintiff filed a Motion to Assign an Out of State Judge, which was granted. On July 2, 2012, the case was assigned to Judge S. James Otero, of the Central District of California, who is sitting by designation of the Chief Judge of the Ninth Circuit as a judge of the Western District of Washington to hear this case. (July 2, 2012 Order, ECF No. 14.)

II.　　DISCUSSION

"The trial court's power to administer the court calendar and to control the time and conduct of trial is broad." *United States v. Doe*, 627 F.2d 181, 183-84 (9th Cir. 1980). Because 79 of the 81 Defendants in this case have not been served, the Court finds that good cause exists to stay the deadlines in the May 30, 2012 Order. Requiring each Defendant to proceed with the case as soon as he or she is served would result in the case simultaneously being in different stages of the litigation with respect to the various Defendants. It would not serve the interests of judicial economy to have this case proceed against less than all Defendants while Plaintiff attempts to effect service on the remaining Defendants.

Plaintiff's only meaningful argument in his Objection is that the Defendants might destroy relevant material while the stay is pending. (Objection 1, June 14, 2012, ECF No. 1.) The Court does not believe this concern has any bearing on the issue of whether to stay the relevant deadlines. Those Defendants who have been served are on notice that they are being sued and therefore already have a duty to preserve relevant documents. "Federal law imposes a duty to preserve evidence before litigation begins and even before a discovery request. This duty requires a litigant to preserve what it knows, or reasonably should know, will be relevant evidence in a pending action or one in the offing." *Biselli v. Cnty. of Ventura*, No. CV 09-08694, 2012 WL 2061688, at *2 (C.D. Cal. June 4, 2012). For those Defendants who have not been served, their decision of whether to preserve or destroy documents will be unaffected by the Court's decision to grant or deny a stay in this case.

III.　　RULING

For the foregoing reasons, Defendant Carpenter's Motion is **GRANTED**. The Court hereby **VACATES** all of the deadlines in the May 30, 2012 Order. Carpenter and WSBA's deadline to file a responsive pleading is hereby **STAYED**. Plaintiff is **REQUIRED** to file a status report on or before August 13, 2012, informing the Court of the status of service on all Defendants. The report shall indicate which Defendants have been served, which Defendants have waived service, and for which Defendants service is pending. Plaintiff must file with the Court proofs of service for those Defendants who have been served. For those Defendants whom Plaintiff has been unable to serve by August 13, 2012, Plaintiff must explain in his August 13, 2012 report his efforts to

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON**

**CIVIL MINUTES - GENERAL**

CASE NO.:  C12-000683 SJO               DATE:  July 11, 2012

serve those Defendants.  If Plaintiff has not diligently attempted to serve those Defendants, the Court might dismiss the case against those Defendants *sua sponte* for failure to prosecute.  Failure to file the required report on or before August 13, 2012, **will result** in the Court dismissing the case *sua sponte* against all Defendants other than Carpenter and WSBA for failure to prosecute.

IT IS SO ORDERED.